# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JASON M. THOMPSON,<br><br>                Petitioner,<br><br>     v.<br><br>ROBERT CORDLE,<br><br>                Respondent. | Case No. 3:23-cv-00115-SLG |

## ORDER OF DISMISSAL

On May 17, 2023, Jason M. Thompson, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1] Mr. Thompson paid the Court filing fee on June 12, 2023.[2] The Court takes judicial notice[3] of Mr. Thompson's underlying criminal conviction in *State of Alaska vs. Thompson*, Case No. 3PA-09-01853CR, his prior conviction in *State of Alaska vs. Thompson*, Case No. 3PA-06-02765CR, to the extent it is relevant to this case,[4] and his subsequent state court appeals.[5] The Court also

---

[1] Docket 1.

[2] Receipt # 100020261.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[4] *See, e.g., Maleng v. Cook,* 490 U.S. 488, 493 (1989) (per curiam) (a petitioner may be "in custody" under a subsequent conviction as enhanced by the expired conviction).

[5] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be

takes judicial notice of the previous habeas petition Mr. Thompson filed in this Court, which the Court dismissed because Mr. Thompson had not then fully exhausted his state court remedies.[6]

## SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, a federal court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. A court must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[7] Upon screening, it plainly appears that Mr. Thompson is not entitled to habeas relief pursuant to Section 2254 and his petition must be dismissed.

## DISCUSSION

### I. Procedural History

On July 31, 2009, Mr. Thompson was charged with four counts of second-degree sexual abuse of a minor.[8] As a second felony offender with a prior conviction for a felony sexual offense, he was subject to a longer sentence.[9] Mr.

---

accessed online at https://courts.alaska.gov/main/search-cases.htm.

[6] *See Thompson v. Cordle,* Case No. 3:22-cv-00220-JMK (regarding underlying criminal case *State of Alaska vs. Thompson*, Case No. 3PA-09-01853CR)*.*

[7] *Id.*

[8] *State of Alaska vs. Thompson*, Case No. 3PA-09-01853CR, Docket 07/31/2009 (Charges Filed). *See also Thompson,* Case No. A-13543, at *1.

[9] See *State of Alaska vs. Thompson*, Case No. 3PA-06-02765CR, Docket 9/28/2007 (Judgment

Case No. 3:23-cv-00115-SLG, *Thompson v. Cordle*
Order of Dismissal
Page 2 of 9
Case 3:23-cv-00115-SLG   Document 3   Filed 08/07/23   Page 2 of 9

Thompson was also charged with violating his probation in his previous case.[10] On July 11, 2011, Mr. Thompson entered into an agreement with the state in which he pleaded guilty to a consolidated count of second-degree sexual abuse of a minor, stipulated to an aggravating factor, and agreed to a sentence of 18 years with 3 years suspended and a 10 year term of probation.[11] Then, in 2019, Thompson filed a Motion to Correct an Illegal Sentence in each case.[12] The Alaska Superior Court denied both of Mr. Thompson's motions.[13] On October 13, 2021, the Alaska Court of Appeals affirmed the denial of Mr. Thompson's motions.[14]

---

of Conviction. Case Closed. Case disposed with disposition of Guilty Verdict: Jury Trial); see also *Thompson v. State,* Case No. A-13543, 2021 WL 4770092, at *1 (Alaska Ct. App. 2021) (explaining "Mr. Thompson was convicted in 2007 of one count of second-degree sexual abuse of a minor, five counts of first-degree unlawful contact, and one count of violating conditions of release, based on offenses that took place in 2006.").

[10] *See State of Alaska vs. Thompson*, Case No. 3PA-06-02765CR, Docket 08/17/2009 (Charge #17: Petition to Revoke Probation).

[11] *State of Alaska vs. Thompson*, Case No. 3PA-09-01853CR, Docket 07/11/2011 (Guilty Conviction After Guilty Plea).

[12] *State of Alaska vs. Thompson*, Case No. 3PA-09-01853CR, Docket 08/26/2019; *State of Alaska vs. Thompson*, Case No. 3PA-06-02765CR, Docket 8/22/2019. See also Alaska Criminal Rule 35(a) ("The court may correct an illegal sentence at any time.").

[13] *State of Alaska vs. Thompson*, Case No. 3PA-09-01853CR, Docket 10/03/2019 (Order Denying Motion to Correct Illegal Sentence); *State of Alaska vs. Thompson*, Case No. 3PA-06-02765CR, Docket 10/03/2019 (Order Denying Motion to Correct Illegal Sentence). See also *Thompson v. State,* Case No. A-13543, 2021 WL 4770092, at *2 (Alaska Ct. App. Oct. 13, 2021).

[14] *State of Alaska vs. Thompson*, Case No. 3PA-09-01853CR. See also *Thompson v. State,* Case No. A-13543, 2021 WL 4770092, at *1 (Alaska Ct. App. Oct. 13, 2021).

Case No. 3:23-cv-00115-SLG, *Thompson v. Cordle*
Order of Dismissal
Page 3 of 9
Case 3:23-cv-00115-SLG   Document 3   Filed 08/07/23   Page 3 of 9

Almost one year later, on October 12, 2022, Mr. Thompson filed his first habeas petition in federal court.[15] On February 2, 2023, the Court dismissed the petition because Mr. Thompson had not filed a petition for hearing in the Alaska Supreme Court after the Court of Appeals had issued its decision, and therefore, he had not exhausted his state court remedies.[16] Subsequently, on March 2, 2023, Mr. Thompson "filed a motion to accept late-filed petition for hearing of the Court of Appeals decision issued on 10/13/2021" in the Alaska Supreme Court.[17] On March 20, 2023, the Alaska Supreme Court denied Mr. Thompson's motion and closed his case.[18] Mr. Thompson then filed the Petition in this case.[19]

## II. Federal Habeas Relief

To respect federal-state dual sovereignty, the availability of federal habeas relief is narrowly circumscribed.[20] Federal courts "reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to

---

[15] *Thompson v. Cordle,* Case No. 3:22-cv-00220-JMK.

[16] *Id.* at Docket 4.

[17] Docket 1-1 at 1. *See also Thompson v. State of Alaska,* Supreme Court No. S-18673 (regarding underlying Case Nos. 3PA-09-01853CR, 3PA-06-02765CR, A10083, A11066, and A13543).

[18] Docket 1-1 at 1.

[19] Docket 1.

[20] *Shinn v. Ramirez*, 212 L. Ed. 2d 713 (2022).

Case No. 3:23-cv-00115-SLG, *Thompson v. Cordle*
Order of Dismissal
Page 4 of 9
Case 3:23-cv-00115-SLG   Document 3   Filed 08/07/23   Page 4 of 9

preserve the integrity of legal proceedings within our system of federalism."[21] Before a federal court reaches the merits of a habeas claim arising from state criminal proceedings, it must consider certain preliminary issues, such as the exhaustion requirement and the procedural default doctrine. Together, the exhaustion requirement and the procedural default doctrine promote federal-state comity by affording States "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights," and by protecting against "the significant harm to the States that results from the failure of federal courts to respect" state procedural rules.[22]

A state prisoner must properly pursue his federal claims through one complete round of the state's established direct appeal process or post-conviction proceedings before a federal court may consider an application for a writ of habeas corpus.[23] Direct appeals and post-conviction relief proceedings are distinct procedural vehicles used to challenge the constitutionality of a defendant's conviction or sentence. A criminal defendant "need not forgo one in order to pursue the other, and many, if not most, defendants pursue both. Indeed, in many

---

[21] *Martinez v. Ryan,* 566 U.S. 1, 9 (2012).

[22] *Coleman,* 501 U.S. at 750.

[23] 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Case No. 3:23-cv-00115-SLG, *Thompson v. Cordle*
Order of Dismissal
Page 5 of 9
Case 3:23-cv-00115-SLG   Document 3   Filed 08/07/23   Page 5 of 9

circumstances, a defendant *must* pursue both to preserve all of their claims for federal habeas corpus review."[24]

In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review.[25] Except in limited circumstances, federal constitutional claims must first be presented to the Alaska Superior Court.[26] If the petitioner disagrees with the result, the claim must then be presented to the Alaska Court of Appeals.[27] If a petitioner receives an adverse final decision[28] from the appellate court, each claim must then be raised in a petition for hearing to the Alaska Supreme Court.[29] Although the supreme court has absolute discretion whether to

---

[24] *Mack v. State,* 523 P.3d 1235, 1251 (Alaska Ct. App. 2023).

[25] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[26] *See* Alaska Stat. § 12.72.010(4) (allowing post-conviction relief claims based on material facts not previously presented and heard); AS 12.72.010(9) (ineffective assistance of counsel claims may be raised in post-conviction relief proceedings); *Barry v. State*, 675 P.2d 1292, 1295-96 (Alaska Ct. App. 1984) (holding that, because the trial record is ordinarily insufficient to allow an appellate court to resolve an ineffective assistance of counsel claim on direct appeal, ineffective assistance claims will generally only be addressed on appeal when the claims have been litigated in a new trial motion or in an application for post-conviction relief); *Grinols v. State*, 74 P.3d 889, 896 (Alaska 2003) (authorizing a criminal defendant to file a second post-conviction relief application challenging the effectiveness of their attorney in their first post-conviction relief proceeding).

[27] Alaska Stat.§ 22.07.020(d).

[28] Alaska Stat. § 22.05.010 (d) (in this subsection, "final decision" means a decision or order, other than a dismissal by consent of all parties, that closes a matter in the court of appeals).

[29] *See* Alaska Stat. §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure

Case No. 3:23-cv-00115-SLG, *Thompson v. Cordle*
Order of Dismissal
Page 6 of 9
Case 3:23-cv-00115-SLG   Document 3   Filed 08/07/23   Page 6 of 9

grant or deny the petition for hearing — *i.e.,* whether to hear the petitioned case on the merits[30] — the state court process is exhausted only after a petition for hearing has presented to, and ruled upon, by the state supreme court.[31]

Mr. Thompson has now exhausted his state court remedies with respect to his post-conviction relief claims. But he failed to file his petition for hearing with the state supreme court within the 30-day time limit that the state court has established for filing that petition.[32] The Court of Appeals decision was issued on October 13, 2021, but Mr. Thompson did not file his petition until March 2023. The Alaska Supreme Court could have granted the motion to accept the late-filed petition and considered the petition on the merits. But it instead elected to apply this state procedural rule against Mr. Thompson by clearly and expressly denying his motion to file a late petition.[33] As a result, Mr. Thompson has been procedurally defaulted from pursuing his federal claims in state court pursuant to an

---

215, 301-05.

[30] Alaska R. App. P. 304 ("granting of a petition for hearing is not a matter of right but is within the discretion of the court of discretionary review"). *See also Rozkydal v. State*, 938 P.2d 1091, 1094 (Alaska App. 1997) (discussing the distinction between the right to appeal and the right to petition).

[31] *See* Alaska Stat. § 22.07.030 (providing that "[a] party may apply to the supreme court for review of a final decision of the court of appeals"); Alaska R. App. P. 302(a)(1) (providing that "[a] petition for hearing may be filed in the supreme court with respect to any final decision of the court of appeals").

[32] *See* Alaska R. App. P. 303(a) (1) ("A petition for hearing must be filed within 30 days after the date of notice of the opinion, order, or memorandum opinion and judgment of the intermediate appellate court.").

[33] Docket 1-1.

Case No. 3:23-cv-00115-SLG, *Thompson v. Cordle*
Order of Dismissal
Page 7 of 9
Case 3:23-cv-00115-SLG    Document 3    Filed 08/07/23    Page 7 of 9

independent and adequate state procedural rule. In the case of a procedural default such as this, federal habeas review of the claims is barred unless a petitioner can demonstrate (1) cause for the default and actual prejudice to excuse the default, or (2) a miscarriage of justice/actual innocence.[34]

Mr. Thompson has not made the requisite showing to excuse his procedural default in missing the state filing deadline. He fails to assert, let alone to demonstrate, good cause or actual prejudice to excuse his late filing with the Alaska Supreme Court. He makes no showing that failure to consider his defaulted claim will result in a fundamental miscarriage of justice. Therefore, pursuant to the procedural default doctrine, Mr. Thompson is barred from pursuing his claims in a federal habeas proceeding.[35]

**IT IS THEREFORE ORDERED**:

1. The Petition Under 28 U.S.C. § 2254 is **DISMISSED.**
2. All pending motions are **DENIED AS MOOT**.
3. The Clerk of Court is directed to enter a Final Judgment and terminate this action.

---

[34] 28 U.S.C. § 2254(c)(2)(B); *Martinez v. Ryan,* 566 U.S. 1 (2012); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

[35] *Gray v. Netherland,* 518 U.S. 152, 162 (1996)

Case No. 3:23-cv-00115-SLG, *Thompson v. Cordle*
Order of Dismissal
Page 8 of 9
Case 3:23-cv-00115-SLG   Document 3   Filed 08/07/23   Page 8 of 9

4. A Certificate of Appealability shall not issue.[36]

DATED this 7th of August, 2023 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[36] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotations and citations omitted)).

Case No. 3:23-cv-00115-SLG, *Thompson v. Cordle*
Order of Dismissal
Page 9 of 9
Case 3:23-cv-00115-SLG   Document 3   Filed 08/07/23   Page 9 of 9